**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

DERRICK FOSTER, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

ALTA PEST CONTROL LLC
,

Defendant

Case No. 5:26-cv-6983

CLASS ACTION COMPLAINT
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1. “Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans ‘outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers’ *id.* § 2(6), and sought to strike a balance between ‘[i]ndividuals’ privacy rights, public safety interests, and commercial freedoms’ *id.* § 2(9).

2. “The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Derrick Foster ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Alta Pest Control, LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

**Parties**

4. Plaintiff is a natural person who resides in Bexar County, Texas, which is located within this District.

5. Defendant is a limited liability company headquartered in San Antonio, Williamson County, Texas which is also located within this District.

## Jurisdiction & Venue

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant because both Defendant and Plaintiff reside in this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant is located in this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

The Texas Business and Commerce Code

16. Realizing the particular harm to the Texas economy that unsolicited telemarketing calls poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

17. Under the Code, a "telephone call" includes both voice calls and text message calls. *Id.* § 304.002(10).

18. The burden of proof lies on Defendant to show it registered each business location to prove its licensure or on proving an exemption. *Id.* § 302.051.

19. The sale of pest control services is not a product or service for which there is an exemption to the Code. *Id.* § 302.051.

20. Defendant is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying Defendant as either a DBA or seller name returns no results).

## **Factual Allegations**

21. Plaintiff is, and at all times mentioned herein was, a natural person.

22. Plaintiff's telephone number, (940) XXX-XXXX, is a non-commercial telephone number not associated with any business.

23. Plaintiff uses the telephone number for personal, residential, and household purposes.

24. The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

25. Plaintiff's number was registered on the National Do Not Call Registry in 2018.

26. Despite this, starting in May 2025, Plaintiff began receiving calls and text messages from Defendant.

27. On May 1, 2025, a representative of Defendant's named "Dominic" visited Plaintiff's home for the purpose of advertising and marketing Defendant's pest control products and services.

28. Plaintiff told the representative he rented his home and did not own it and provided Dominic his phone number solely so he could connect Dominic with his landlord.

29. That same day, Plaintiff received a text message from Dominic from telephone number (918) 815-7497 stating, "Dominic route manager with Alta."

30. On September 9, 2025, representative "Anna" texted Plaintiff asking whether he had a minute.

31. Plaintiff did not respond.

32. Later that day, Anna followed up with Plaintiff and sent him another text message asking whether he received her message from earlier in the day.

33. Plaintiff did not respond.

34. On September 10, 2025, Defendant sent a text message to Plaintiff offering pest control services for $49 per month.

35. On June 4, 2026, Plaintiff responded with "STOP" and sent the message to (877) 881-3782.

36. That same day, Plaintiff sent a message stating "UNSTOP" because he thought he had mistakenly triggered something in his phone to block all incoming calls to his cell phone.

37. Later that day, Plaintiff called Defendant and asked why he got called, stating that he prohibited text messages and requested email communication only.

38. Defendant erroneously stated he requested a quote and agreement.

39. Plaintiff then sent another STOP message on June 4, 2026, and received confirmation from his network that he was blocking messages from Defendant's number.

40. On June 5, Plaintiff received a text message from (210) 361-1510 containing a FieldRoutes link to review and sign an agreement.

41. Plaintiff did not respond.

42. On June 8, 2026, Plaintiff sent an investigation letter to Defendant.

43. On June 22, 2026, Defendant responded and confirmed Plaintiff's number was on their internal do-not-contact and no-knock list.

44. Despite this, Defendant sent another text message to Plaintiff on at least October 14, 2026 and October 30, 2026 from (844) 346-6020.

45. The October 14 text stated, "Hi, do not knock, this is Alta Pest Control," and offered a $59 initial treatment.

46. The October 30 text contained a nearly identical message.

47. Screenshots of the text messages are provided below:




9:50
(877) 881-3782
Tuesday, Sep 9 • 8:08 AM
Texting with (877) 881-3782 (SMS/MMS)
Hi Derrick! This is Anna from Alta Pest Control. I wanted to check in with a quick question—do you have a minute?
Tuesday, Sep 9 • 1:27 PM
Hey there, just wanted to make sure you received my last message. Feel free to respond whenever is convenient for you.
Wednesday, Sep 10 • 8:07 AM
I understand you're busy, so I'll get straight to the point: We're offering our general pest control service for an initial $49 and $49/month after. This includes quarterly treatments to handle most common pests, plus free follow-ups if issues pop up between visits. If you'd like to take advantage of this offer, I'm here when you're ready.
Thursday • 3:27 PM
STOP
NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" or "start" to receive messages again.
3:27 PM
Text message


9:50
(210) 361-1510
Friday • 9:19 AM
Texting with (210) 361-1510 (SMS/MMS)
Hello Derrick, Your new agreement is ready for you to review and sign. Please visit the link below https://alta.FieldRoutes.com/sl/c6b462ddb083443198a053f6bf3eb4db
To unsubscribe from future text messages, reply STOP.
Tap to load preview
9:19 AM
I like it
Looks good
Okay
Text message


(844) 346-6020
Wednesday • 10:09 AM
Texting with (844) 346-6020 (SMS/MMS)
Hi Do not knock, this is Alta Pest Control.
Your first treatment is now available for as little as $59 instead of the standard $350 initial service.
Offer ends TODAY. Call 866-435-9301 to claim your offer.
Reply STOP to end
Text message


(844) 346-6020
Control.
Your first treatment is now available for as little as $59 instead of the standard $350 initial service.
Offer ends TODAY. Call 866-435-9301 to claim your offer.
Reply STOP to end
Unread
10:10 AM
Hi Do not knock, this is Alta Pest Control.
We didn't want you to miss out, so we're extending the offer to claim your first treatment for as little as $59 (normally $350).
Call 866-435-9301 to get scheduled. Offer ends today!
Reply STOP to end
Text message

48. The text message calls were sent to promote the Defendant's pest control business and offered various sales and promotions.

49. Plaintiff never consented to receive text messages from Defendant.

50. Moreover, Plaintiff requested Defendant stop and his request was ignored.

51. Plaintiff received numerous telemarketing text message calls from Defendant from the telephone numbers (844) 346-6020, (877) 881-3782, and (210) 361-1510 and transmitted the Caller IDs during the aforementioned period.

52. The calls all transmitted the caller IDs as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of the dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 844-346-6020 | Y | ALTA PEST | Twilio |
| 877-881-3782 | Y | TOLL FREE CALL | Twilio |
| 210-361-1510 | Y | SANANTONIO TX | Twilio |

53. As the aforementioned chart shows, the CNAM transmitted by the telephone carriers in some instances provided inaccurate CNAM functionality, which did not transmit the caller's name, but in other instances did provide accurate CNAM.

54. Each of these telephone carriers provides the ability to set the CNAM result accurately to reflect their own name as desired, and Defendant did in fact do so in some instances, but if the customer does not elect such a CNAM, their default CNAM customer setting

is to transmit something other than the caller's name, usually a generic designator, as occurred here.

55. Additionally, the 877-881-3782 number was unable to accept a do not call request during regular business hours, as Plaintiff attempted to do so but continued to receive calls and text message calls from the defendant anyway.

56. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

57. The messages advertised various promotions.

58. Additionally, some of the text message calls were sent after Plaintiff specifically requested not to be contacted by Defendant.

59. Defendant is not registered as a solicitor in Texas.

60. Defendant's headquarters and principal place of business is in Texas.

61. As a result, and upon information and belief, Defendant sent the text message calls from a business location in Texas to a recipient located in Texas.

62. The messages were sent for the purpose of encouraging the purchase of Defendant's products and services.

63. Despite Plaintiff opting out of text messages, Defendant continued sending telemarketing text messages to Plaintiff.

64. Despite Plaintiff's number being registered on the National Do Not Call Registry, Defendant continued to send text messages to Plaintiff thirty-one or more days after the registration.

65. The continued messages included promotional sales alerts and offers.

66. Plaintiff never consented to receive messages from Defendant.

67. Plaintiff never requested that the messages continue.

68. In fact, Plaintiff requested that they stop, including through letter sent to Defendant.

69. These requests were ignored.

70. The text message calls were unwanted.

71. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's telephone.

72. The calls occupied Plaintiff's storage, bandwidth, and disrupted Plaintiff's daily activities.

73. Plaintiff found the messages frustrating, annoying, and intrusive.

74. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of her telephone number.

75. The calls were sent to generate sales and promote Defendant's services.

76. Defendant used its trade name, trademarks, branding, and promotional language in the text messages.

77. Defendant benefitted from the messages by promoting sales, advertising services, and driving consumer engagement.

78. Defendant continued sending messages despite Plaintiff's clear indication that the messages were unwanted.

79. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his telephone number.

## **Class Action Statement**

80. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

81. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

82. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, and/or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Texas Business and Commerce Code Class:** All persons who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

83. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

84. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

85. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

86. This Class Action Complaint seeks injunctive relief and money damages.

87. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

88. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

89. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

90. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

91. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

92. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. whether Defendant transmitted CPN or ANI, the caller ID name that was transmitted, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d. whether Defendant sent the text message calls from a business location without having registered itself as required under the Texas Business and Commerce Code;

e. Whether Defendant's conduct constitutes a violation of the TCPA; and

f. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

93. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

94. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

95. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

96. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

97. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

98. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

99. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

100. Defendant's violations were negligent, willful, or knowing.

101. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

102. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities

which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

103. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

104. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

105. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

106. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without providing a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours and by transmitting non-compliant Caller ID that did not transmit the caller's name.

107. These violations were willful or knowing.

108. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

109. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

110. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

111. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

112. Defendant's violations were negligent, willful, or knowing.

113. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## FOURTH CAUSE OF ACTION

**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

114. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

115. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

116. Defendant's violations were negligent, willful, or knowing.

117. As a result of Defendant's violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An order enjoining Defendant from placing calls without due registration in the future;

F. An award to Plaintiff and the Classes of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Plaintiff,
By Counsel,

Dated: October 30, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong
PA SBN 333687
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class